Deaderiok, C. J.,
delivered the opinion of the court.
Chapman, in his lifetime, began an action of unlawful detainer against Hurt. lie died during its pendency, upon appeal in the circuit court of Haywood county, and Owens, his administrator, prosecuted the suit.
This he might do, under secs. 3368, 3369 of the Code [Shannon’s Code, secs. 5118, 5119]. See also [Winningham v. Crouch], 2 Swan, 170.
Chapman had sold the land to one Graves, and Graves being unable to pay for it, this contract was rescinded, and Hurt, Avho had contracted Avith Graves verbally for the' land, awls put in possession by him, and agreed verbally with Chapman to pay what he had agreed to give Graves. Finally Hurt refused to carry out his verbal contract Avith Chapman, who thereupon brought this action.
The circuit judge tried the case without a jury, by consent of parties, and rendered judgment in favor of plaintiff below, and defendant appealed.
In this, Ave think, there was no error.
Hurt had purchased of Chapman Arerbally, after the rescission of his verbal purchase of Graves, and agreed to convej him another tract of land in payment, which he afterAvards refused to do.
This was an abandonment of his purchase, and his possession thereafter became unlawful, and Chapman, who Avas in fact his vendor, or his administrator, might maintain unlaAvful detainer for the' recoArery of possession. [Sullivan v. Ivey], 2 Sneed, 487.
Affirm the judgment.